```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ELIZABETH GARRIS, ET AL.                    CIVIL ACTION

VERSUS                                      NO. 10-1569
                                            c/w 10-4513

PELONIS APPLIANCES, INC.,                   SECTION: "A" (1)
ET AL.
```

### ORDER AND REASONS

The following motions are before the Court: <u>Motion to Exclude Expert Testimony of Frederick M. Brooks (Rec. Doc. 137)</u>, filed by Plaintiffs; <u>Motion to Exclude Expert Testimony of Richard W. Jones, Jr. (Rec. Doc. 138)</u>, filed by Defendants; <u>Motion to Exclude Expert Testimony of George A. Hero, III (Rec. Doc. 140)</u>, filed by Defendants; <u>Motion to Strike Expert Affidavits (Rec. Doc. 189)</u>, filed by Defendants; <u>Motion to Strike Defendants' Filed Summary Judgment Evidence and Exhibits (Rec. Doc. 175)</u>, filed by Plaintiffs; <u>Motion to Strike Defendants' Filed Summary Judgment Evidence and Exhibits (Rec. Doc. 180)</u>, filed by Plaintiffs; <u>Motion for Summary Judgment (Rec. Doc. 142)</u>, filed by Defendants. All of the motions are opposed and are before the Court on the briefs without oral argument.[1]

### I.   BACKGROUND

In the early morning hours of December 16, 2009, a fire occurred in the bedroom of Plaintiffs Ronald and Elizabeth Garris'

---

[1] The Court notes the parties' request for oral argument, but determines that oral argument is not necessary in this matter.

apartment. Before going to sleep the previous night, Mrs. Garris placed a space heater on the floor next to her bed. Plaintiffs have filed this products liability action against Defendants for damages sustained as a result of the fire.

Plaintiffs allege that a defect in Defendants' heater was the cause of the fire. Defendants deny liability, arguing that the heater was not defective and did not cause the fire. Rather, Defendants point to evidence of Plaintiffs smoking cigarettes in their apartment and contend that the cause of the fire was linked to either a disregarded cigarette or cigarette lighter in the vicinity of the heater.[2]

Defendants retained electrical engineer and certified fire explosion expert Frederick Brooks to render expert opinions in this matter. Brooks stated that, as the remains of a cigarette lighter were found in the debris from the fire, he could not rule out a cigarette being the cause of the fire. Brooks also opined that it was extremely unlikely that the heater could reach temperature levels high enough to ignite the nearby bedding materials. Further, Brooks stated that he found no indication of any sort of defect in the heater.

Plaintiffs retained certified fire investigator Richard Jones as an expert to investigate the fire and render his opinion as to causation. Jones concluded that the fire originated from inside

---

[2]Both Mr. and Mrs. Garris admitted to being cigarette smokers and smoking inside the home.

the heater.  Jones noted that a combustible, such as dust or lint, inside the heater likely sparked the fire.  Jones also refuted the idea of a cigarette or cigarette lighter causing the fire.

Plaintiffs also retained George Hero as an electrical engineering expert to render his opinions as to the cause of the fire. Hero determined that the cause and origin of the fire was the defective heater.  Hero also found no credible evidence that the fire was caused by smoking or cigarettes.

The parties have filed the instant motions moving to exclude from evidence the opinions of the aforementioned experts, moving to strike expert affidavits included as exhibits to motions filed, and for summary judgment on the issue of causation.  For the reasons that follow, these motions are **DENIED**.

II. **DISCUSSION**

   **a.) Motions to Exclude Expert Testimony (Rec. Docs. 137, 138, and 140)**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony.[3]  Rule 702 provides in pertinent part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion

---

[3]Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993); *United States v. Hitt*, 473 F.3d 146, 158 (5th Cir. 2006).

or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[4]

The Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702."[5] In order for evidence to be admissible under *Daubert*, the evidence must be both reliable and relevant.[6] The district court serves as a gatekeeper in determining the admissibility of expert testimony.[7] The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue."[8] The proponent of the expert testimony has the burden of proving that the proffered testimony is admissible.[9] However, the proponent need not prove to the judge that the

---

[4] Fed. R. Evid. 702.

[5] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002).

[6] *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

[7] *U.S. v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).

[8] *Pipitone*, 288 F.3d at 244.

[9] *Fullwood*, 342 F.3d at 412.

expert's testimony is correct.[10] There exist several traditional and appropriate means for attacking "shaky but admissible evidence," including "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."[11]

In Plaintiffs' Motion to Exclude Expert Testimony of Frederick M. Brooks (Rec. Doc. 137), they seek to exclude Brooks' testimony for not meeting the standards of Rule 702 and *Daubert*.[12] Plaintiffs argue that Brooks' testimony is based on unsubstantiated and unverified information provided to Brooks by counsel for Defendants and that he failed to conduct adequate research before forming his opinions. Further, Plaintiffs argue that Brooks acts as an advocate by making the determination that Plaintiffs ignored a warning against placing the heater too close to combustibles.

In Defendants' Motion to Exclude Expert Testimony of Richard W. Jones, Jr. (Rec. Doc. 138) and Motion to Exclude Expert Testimony of George A. Hero, III (Rec. Doc. 140), they seek to exclude the expert testimony of Jones and Hero for not meeting the standards of Rule 702 and *Daubert*. Defendants argue that the experts' opinions are unreliable, speculative, and not based on scientific principles. Further, Defendants argue that the experts

---

[10]*Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

[11]*Daubert*, 509 U.S. at 596.

[12]*Id.* at 591.

are not qualified to render the opinions in their reports.

The Fifth Circuit has stated the following, which is useful in determining the admissibility of the expert testimony in this matter:

> [I]n determining the admissibility of expert testimony, the district court should approach its task with proper deference to the jury's role as the arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.[13]

After reviewing the parties' arguments in the instant motions, the Court finds that the deficiencies the parties purport to identify in the aforementioned experts' opinions lend themselves well to being challenged via vigorous cross-examination in front of the jury. Jurors are quite capable of understanding how to weigh expert evidence that may be based on assumptions contrary to the other trial evidence presented to the jury.

While the deficiencies in the experts' opinions might rise to the threshold level that would allow the Court to exercise its discretion to exclude testimony as unreliable, the Court does not find any deficiency that rises to the level that mandates exclusion under *Daubert*. The Court is not persuaded that the problems Plaintiffs and Defendants purport to identify in these motions

---

[13]*United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., State of Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996).

trigger the nuclear option of excluding the expert testimony of Brooks, Jones, or Hero. Therefore, these motions are **DENIED**.

### b.) Motion to Strike Expert Affidavits filed by Plaintiffs (Rec. Doc. 189)

On November 25, 2013, Plaintiffs filed into the record, as exhibits to their opposition to Defendants' Motion to Exclude Expert Testimony of George A. Hero, III (Rec. Doc. 140), affidavits from their experts Hero and Jones.[14] Defendants have filed a <u>Motion to Strike Expert Affidavits filed by Plaintiffs (Rec. Doc. 189)</u>, moving for the Court to strike those expert affidavits.

Defendants argue that the affidavits offer new opinions, rely on new sources for the experts' opinions, and discuss additional testing that has been conducted. Defendants argue that Plaintiffs' disclosure of the affidavits is untimely, taking place after the depositions of both Hero and Jones, and not in compliance with the deadlines set in the Court's scheduling order for exchanging expert reports.

Plaintiffs oppose the motion, arguing that the expert affidavits were submitted in response to Defendants' motions to exclude the experts' testimony, as well as questions that arose in the course of depositions. Plaintiffs claim their experts are merely providing additional information in light of issues raised by Defendants. Plaintiffs deny providing new opinions, but rather

---

[14] Rec. Doc. 161-1 (Hero affidavit); Rec. Doc. 161-2 (Jones affidavit).

7

contend that all issues discussed in their experts' affidavits had been previously raised.

A review of the affidavits at issue reveals an effort by Plaintiffs to supplement their expert reports. Plaintiffs submitted these affidavits after the Court's scheduling order deadline for the exchange of expert reports.

Federal Rule of Civil Procedure 16(b) authorizes district courts to control and expedite the discovery process through a scheduling order.[15] Consistent with this authority, the Court has "broad discretion" to enforce its scheduling order.[16] The Court considers the following four factors in exercising its discretion to allow this evidence: (1) a party's explanation for its failure to timely identify its witnesses and exhibits; (2) the importance of the proposed evidence; (3) potential prejudice in allowing the admission of the exhibits or testimony; and (4) the availability of a continuance to cure such prejudice.[17]

With regard to the first factor, Plaintiffs give no reason for their failure to comply with the scheduling order other than their assertion that the affidavits were in response to issues raised by Defendants in motions filed and depositions held after the expert report deadline. While this factor weighs in favor of striking the

---

[15] Fed. R. Civ. P. 16(b).

[16] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

[17] *Id.*

affidavits, the Court finds that the remaining factors weigh in favor of allowing the affidavits to stand as expert testimony.

With regard to the second factor, this case greatly hinges on the cause of the fire at Plaintiffs' home. As the expert opinions in these affidavits go towards proving the cause of the fire, they are of significant evidentiary importance to this case.

Under the third factor, the potential for prejudice to Defendants in admitting the affidavits is low. The experts' opinions in the affidavits provide further detail and additional testing on previous assertions. This may require Defendants to expend resources in response, but will not force Defendants to wholly re-structure their defense.

And finally, under the fourth factor, any prejudice suffered by Defendants can likely be cured by a continuance. Since there is currently no trial date, any prejudice to Defendants can be accounted for when a trial date in this matter is set.

The experts' affidavits at issue shall be considered supplements to Plaintiffs' previously-issued expert reports. Accordingly, any purported deficiencies with the opinions therein are subject to cross-examination in front of the jury.

The Court recognizes that Plaintiffs' use of affidavits to supplement their expert reports was procedurally improper and not in compliance with the scheduling order. As a result, the court will allow Defendants to cure any prejudice by extending deadlines or supplementing their own expert reports, if requested by

Defendants.

For the foregoing reasons, Defendants' Motion to Strike Expert Affidavits filed by Plaintiffs (Rec. Doc. 189) is **DENIED**.

### c.) Motions to Strike Defendants' Summary Judgment Evidence and Exhibits (Rec. Docs. 175 and 180)

On November 5, 2013, Defendants filed certain exhibits in conjunction with their Motion for Summary Judgment (Rec. Doc. 142). Plaintiffs' <u>Motions to Strike Defendants' Summary Judgment Evidence and Exhibits (Rec. Docs. 175 and 180)</u> moves for the Court to strike those exhibits. Specifically, Plaintiffs move to strike an affidavit of Defendants' expert Brooks,[18] as well as exhibits to the affidavit. Plaintiffs argue that Brooks' affidavit includes additional opinions based on incomplete research. Plaintiffs also move to strike exhibits consisting of photographs of Plaintiffs' home taken after the fire, arguing that they are irrelevant to the issue of causation.

The Court denies Plaintiffs' motion to strike Brooks' affidavit and the related exhibits. As the Court ruled with respect to Plaintiffs' expert affidavits, the affidavit of Brooks shall be considered a supplement to his previously-issued expert reports, with his opinions subject to cross-examination by Plaintiffs at trial.

With respect to the other exhibits Plaintiffs move to strike, the Court finds these exhibits were not determinative of the

---

[18] Rec. Doc. 142-9.

Court's ruling on Defendants' Motion for Summary Judgment. Therefore, Plaintiffs' motion, as it pertains to striking these exhibits, is moot.

### d.) Motion for Summary Judgment (Rec. Doc. 142)

Summary Judgment is appropriate only if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact."[19] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[20] Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause,"[21] the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.[22] Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.[23]

---

[19] *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50 (1986)).

[20] *Id.* (*citing Anderson*, 477 U.S. at 255).

[21] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[22] *Id.* (*citing* Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

[23] *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

In Defendants' Motion for Summary Judgment (Rec. Doc. 142), they assert that Plaintiffs are incapable of proving the essential elements of their case under the Louisiana Products Liability Act. Defendants aver that Plaintiffs cannot prove a defect in the heater, cannot exclude all alternative causes of the fire, and cannot prove that any manufacturing or other defect in the heater caused the fire.

Plaintiffs have submitted expert testimony suggesting evidence of a defect in the heater that caused the fire. Since the Court denied Defendants' motions to exclude the testimony of Plaintiffs' experts, there remains a genuine dispute as to the material facts surrounding the cause of the fire. While Defendants deny the existence of any defect, whether one existed is an issue of fact to be decided by the jury. Therefore, summary judgment is inappropriate and Defendants' motion is **DENIED.**

### III. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that Plaintiffs' Motion to Exclude Expert Testimony of Frederick M. Brooks (Rec. Doc. 137) is **DENIED;**

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Expert Testimony of Richard W. Jones, Jr. (Rec. Doc. 138) is **DENIED;**

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Expert Testimony of George A. Hero, III (Rec. Doc. 140) is **DENIED;**

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Expert Affidavits (Rec. Doc. 189) is **DENIED;**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendants' Filed Summary Judgment Evidence and Exhibits (Rec. Doc. 175) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendants' Filed Summary Judgment Evidence and Exhibits (Rec. Doc. 180) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Rec. Doc. 142) is **DENIED**.

New Orleans, Louisiana, April 2, 2014.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE