**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ELIZABETH GARRIS, ET AL.                      CIVIL ACTION

VERSUS                                        NO: 10-1569

PELONIS APPLIANCES, INC. ET AL               SECTION: "A" (1)

<u>ORDER</u>

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 340)** filed by Defendant Pelonis, USA Ltd ("Pelonis USA"). Defendant Allianz Versicherungs AG opposes the motion. (Rec. Doc. 342). Also before the Court is a **Motion for Summary Judgment (Rec. Doc. 341)** filed by Defendant Allianz Versicherungs AG ("Allianz AG"). Defendant Pelonis USA opposes the motion. (Rec. Doc. 343). The motions, set for submission on December 14, 2016, are before the Court on the briefs.

**I.    Background**

Defendant Pelonis USA filed its motion for summary judgment against Defendant Allianz AG seeking the defense costs Pelonis USA has paid to Dan Dwyer and the Unruh, Turner, Burke & Frees firm from the underlying matter. Defendant Allianz AG filed its opposing motion for summary judgment, seeking dismissal of Pelonis USA's claim against Allianz AG with prejudice. The Court dismissed the underlying matter on April 29, 2016, after the case settled, but retained jurisdiction over claims for reimbursement of attorney's fees and litigation costs.

Plaintiffs originally initiated their action in 2010 based on a fire that was allegedly caused by a defective heater. The insurance policy on the heater was issued by Allianz China which in 2009, at the time of the incident, was a branch of Allianz AG. Allianz China became its own entity in 2010, but Chinese insurance regulations required that Allianz AG continue to guarantee the obligations of its insurance policies in the event that Allianz China failed to perform them.

1

Specifically the document that Allianz AG signed in order for the Chinese government to allow Allianz's Chinese branch to become its own entity stated that:

> The claims and debts of the original Allianz Insurance Company Gungzhou Branch shall be shared and carried by the transformed Allianz Property Insurance (China) Co. Ltd. Its outstanding insurance contracts and other contracts will continue performing under Allianz Property Insurance (China) Co. Ltd. Allianz Insurance Company shall assume joint liability for the aforementioned debts, insurance policies and contracts.

When Plaintiffs brought this action in May of 2010, Allianz China retained Dominick W. Savaiano of the Clausen Miller, P.C. firm as counsel for Defendants Midea USA and Pelonis Appliances. Then, with Allianz China's approval, Clausen Miller, P.C. retained George Hebbler of the Hebbler & Giordano, LLC firm as local counsel for Defendants Midea USA and Pelonis Appliances. The case was consolidated with another action and its defense was led by Betsy Grover of Clausen Miller, P.C. (Rec. Doc. 341).

In December of 2011, Plaintiffs Ronald Garris and Mark Wallace initiated an action against Pelonis USA in the United States District Court for the Eastern District of Pennsylvania. Dan Dwyer, Esq. and the law firm Unruh, Turner, Burke & Frees have been Pelonis USA's longstanding corporate counsel and represented Pelonis USA in the Pennsylvania litigation, which was later transferred to the Eastern District of Louisiana and consolidated with this lawsuit.

Plaintiffs Ronald Garris and Mark Wallace then filed a second supplemental and amending complaint against Pelonis USA, for which Pelonis USA retained Jack Alltmont, Esq. and the Sessions Fishman firm. Allianz China "decided to provide indemnity and defense to Pelonis USA and authorized the retention of Jack Alltmont and the Sessions Fishman firm to continue its defense of Pelonis USA." (Rec. Doc. 341). The parties ultimately settled in 2016. As of now, Allianz China has covered the defense costs incurred

by Pelonis USA for its Louisiana counsel, but not its Pennsylvania counsel (Rec. Doc. 340).

## II.    Analysis

Defendant Pelonis USA moves for summary judgment against Defendant Allianz AG seeking defense costs incurred from retaining Mr. Dan Dwyer and the Unruh, Turner, Burke & Frees firm. Defendant Allianz AG moves for summary judgment to dismiss Defendant Pelonis USA's claims for defense costs incurred.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)). Additionally, if the nonmoving party would bear the burden of proof of the dispositive issue at trial, then the

moving party can satisfy its burden by proving that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

### 1. Pelonis USA's Motion for Summary Judgment

Pelonis USA seeks summary judgment in its favor to recover the defense costs incurred from retaining Dan Dwyer and the Unruh, Turner, Burke & Frees firm. Plaintiff bases its motion for summary judgment on Allianz AG's agreement to assume joint liability for Allianz China's debts and because Allianz China "reported that it would cover the defense of Pelonis, USA" when Jack Alltmont of the Sessions Fishman firm made a demand for defense costs. Allianz AG opposed Pelonis USA's motion, arguing that even if Allianz AG agreed to joint liability of Allianz China's obligations, Pelonis USA has failed to prove that Allianz China owes Pelonis USA the defense costs from retaining Dan Dwyer and the Unruh, Turner, Burke & Frees firm. Indeed, whether Allianz AG is liable for defense costs turns on whether Allianz China is liable for those costs.

The Court finds that, drawing inferences in the light most favorable to Allianz AG, Pelonis USA has failed to prove that it is entitled to summary judgment against Allianz AG for the defense costs from retaining Dan Dwyer and the Unruh, Turner, Burke & Frees firm because Pelonis USA has failed to prove that Allianz China is liable for those costs. Pelonis USA has not provided the Court with any proof that Allianz China is liable for the defense costs from retaining Dan Dwyer and the Unruh, Turner, Burke & Frees firm. Pelonis USA has failed to provide the Court with any agreement between Pelonis USA and Allianz China in which Allianz China agrees to pay all of Pelonis USA's defense costs. The three-page insurance policy that Pelonis USA does provide merely states that Allianz China is an insurance provider to a number of companies, none of which is Pelonis USA, in the United States.

The other piece of evidence that Pelonis USA relies upon, an e-mail exchange in which Allianz China's attorney states that it would cover the defense of Pelonis USA, was sent years ago in response to Jack Alltmont's formal demand for defense. The e-mail, at most, supports Allianz China's agreement to cover the defense costs of retaining Jack Allmont and his firm Sessions, Fishman, Nathan, and Israel LLC. Allianz China has already covered those defense costs, the issue here is the legal fees of the Pennsylvania attorneys. Allianz AG has repeatedly said that Allianz China "never agreed to retain Mr. Dwyer or his firm to perform any work or services on behalf of any Pelonis entity in this or in any litigation." (Rec. Doc. 341-1). Absent proof of an agreement between Allianz China and Pelonis USA to cover the defense costs from retaining Dan Dwyer and the Unruh, Turner, Burke & Frees firm. Pelonis USA is not entitled to summary judgment in its favor for defense costs from retaining Dan Dwyer and the Unruh, Turner, Burke & Frees firm.

## 2.  Allianz AG's Motion for Summary Judgment

Allianz AG moves for summary judgement to dismiss with prejudice Pelonis USA's claims for defense costs, making the same arguments it made when Allianz AG opposed Pelonis USA's Motion. For reasons previously stated, the Court finds that Pelonis USA did not meet its burden of proving that it is entitled to summary judgment in its favor for the defense costs from retaining Dan Dwyer and the Unruh, Turner, Burke & Frees firm. The Court finds that Allianz AG is entitled to summary judgment given the absence of any legal basis for Pelonis USA to receive defense costs from retaining Dan Dwyer and the Unruh, Turner, Burke & Frees firm. The Court has not been given any evidence of an agreement between Allianz China and Pelonis USA for reimbursement of Dan Dwyer and the Unruh, Turner, Burke & Frees firm's fees. Therefore, Allianz AG is entitled to summary judgment in its favor, and Pelonis USA's claims for the defense

costs from retaining Dan Dwyer and the Unruh, Turner, Burke & Frees firm is dismissed with prejudice.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 340)** filed by Defendant Pelonis USA is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 341)** filed by Defendant Allianz AG is **GRANTED**.

New Orleans, Louisiana this 21th day of March, 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE